## JOHN BARR

### v.

## THE WILMINGTON COAL MINING AND MANUFACTURING COMPANY.

EVIDENCE — DUTY OF COURT TO EXCLUDE IMPROPER TESTIMONY.— Where a witness in giving his evidence in chief, details to the jury, unsolicited, much that is incompetent and improper—mere hearsay—it is the duty of the court at once to exclude it, and if asked, should instruct the jury to disregard it, thereby doing away with its effect as far as possible.

APPEAL from the County Court of Will county; the Hon. BENJAMIN OLIN, Judge, presiding. Opinion filed February 14, 1880.

Mr. WM. MOONEY and Messrs. HALEY & O'DONNELL, for

appellant; that the whole contract should be considered in determining the meaning of all or any of its parts, cited 2 Parsons on Contracts, 13; Trechard v. Haskins, Winch. 93; Sicklemore v. Thistleton, 6 M. & S. 9; Walker v. Tucker, 70 Ill. 527; Duke of Northumberland v. Errington, 5 Tenn. Rep. 526.

Before the acts or declarations of a co-conspirator can be admitted in evidence, the fact of a conspiracy must be established: 1 Greenleaf's Ev. § 111.

If counsel persevere, against objection, in arguing to the jury upon facts not pertinent to the case, it is good ground for reversal: Brown v. Swinford, 7 Cent. Law Jour. 208; Tucker v. Hemuker, 41 N. H. 317; Rolfe v. Inhabitants of Rumford, 66 Me. —; Berry v. The State, 10 Ga. 511; Metchum v. The State, 11 Ga. 615; Bullock v. Smith, 15 Ga. 395; Dickerson v. Burke, 25 Ga. 225; Wightman v. Providence, 1 Clifford, 524; Winter v. Sass, 6 Cent. Law Jour. 296.

As to hearsay testimony being inadmissible: Pitman v. Gaty, 5 Gilm. 189; Bishop v. Georgeson, 60 Ill. 484; Robertson v. Brost, 83 Ill. 116; Aiken v. Hodge, 61 Ill. 436.

Messrs. Gardner & Schuyler, for appellee; as to what is meant by quitting work in good faith, cited Wil. Coal, etc., Co. v. Barr, 2 Bradwell, 84; McConnell v. Street, 17 Ill. 253; Morrison v. Kelly, 22 Ill. 610.

By attending the meeting of the miners, the law presumes that plaintiff acquiesced in what was there done: Brown v. Perkins, 1 Allen, 89; 3 Greenleaf's Ev. § 41.

Where it appears that substantial justice has been done, the judgment will not be reversed ; Foley v. McMahon, 73 Ill. 66 ; Bloomer v. Denman, 12 Ill. 240 ; Peoria Ins. Co. v. Anapow, 45 Ill. 86 ; Gill v. Crosby, 63 Ill. 190 ; Beseler v. Stephani, 71 Ill. 400 ; Baker v. Robinson, 49 Ill. 299 ; Ill. Cent. R. R. Co. v. Chambers, 71 Ill. 519 ; Wiggins Ferry Co. v. Higgins, 72 Ill. 517 ; Teutonia Life Ins. Co. v. Beck, 74 Ill. 165.

Objections to evidence must be made on the trial : Hanford v. Obrecht, 49 Ill. 146 ; Sargeant v. Kellogg, 5 Gilm. 273 ; Swift v. Whitney, 22 Ill. 144 ; Buntain v. Bailey, 27 Ill. 410 ; Stone v. Great West. Oil Co., 41 Ill. 86 ; Gillespie v. Smith, 29 Ill. 473.

The question of plaintiff's intention was for the jury : Best on Evidence, § 305 ; King v. Dixon, 3 M. & S. 15.

When a conspiracy is established, it is competent to show who took part therein: Wil. Coal, etc., Co. v. Barr, 2 Bradwell, 84; Maine v. McCarty, 15 Ill. 441; C. & R. I. R. R. Co. v. Collins, 56 Ill. 212; State v. Ware, 62 Mo. 597; William v. The State, 47 Ind. 568; Crowninshield v. Commonwealth, 10 Pick. 497; Am. Fur Co. v. U. S. 2 Pet. 364; Snyder v. Laframbois, Breese, 343; 1 Greenleaf's Ev. § 111.

The motion for new trial should have specified the evidence claimed to have been improperly admitted: Wright v. Smith, 82 Ill. 527; Hanford v. Obrecht, 49 Ill. 146.

Where the same facts were otherwise proved by competent evidence, the court will not reverse on account of hearsay evidence: C. B. & Q. R. R. Co. v. Gregory, 85 Ill. 282.

It is error to instruct the jury to disregard hearsay evidence: Lycoming Ins. Co. v. Rubin, 79 Ill. 402.

The instructions on both sides must be considered together, and if as a whole they state the law correctly, an error in one of the series will not reverse: Durham v. Goodwin, 54 Ill. 469; Van Buskirk v. Day, 32 Ill. 260; Morgan v. Peet, 32 Ill. 281; Lawrence v. Hagerman, 56 Ill. 68; Piner v. Cover, 55 Ill. 391; Maltman v. Williamson, 69 Ill. 423; McCartney v. McMullen, 38 Ill. 237.

It is error to call the attention of the jury to isolated facts, by an instruction: Emery v. Hoyt, 46 Ill. 258; Von Glahn v. Von Glahn, 46 Ill. 134; Frame v. Badger, 79 Ill. 441; Calef v. Thomas, 81 Ill. 478; Callaghan v. Myers, 89 Ill. 569.

It is error to assume in an instruction the existence of facts: Adams v. Smith, 58 Ill. 417; Chapman v. Stewart, 63 Ill. 332; Am. Ins. Co. v. Crawford, 89 Ill. 62; Snell v. Cottingham, 72 Ill. 124.

In the absence of any ruling by the court upon the objection that counsel argued upon facts outside the record, it will be considered as waived: Osgood v. Blackmore, 59 Ill. 261.

Such objection should be cured by an instruction: Kenyon v. Sutherland, 3 Gilm. 99; Thompson v. Barkley, 27 Penn. 263; Fry v. Bennet, 3 Bosw. 240; Brown v. Swinford, 44 Wis. 290.

Conversation by counsel with the jurors after they have retired, unless about the merits of the case, will not be ground for reversal: Jones v. Root, 2 Clifford, 128; Brown v. Rounsavell, 78 Ill. 589; Sanderson v. Brown, 4 Thom. & Cooke, 675; Jones v. Warner, 81 Ill. 343; Commonwealth v. Toby, 12 Pick. 516; Wilson v. Abrahams, 1 Hill, 207; Ellis v. Pouton, 32 Tex. 434; People v. Williams, 24 Cal. 31; Winchell v. State, 23 Ind. 89; Yancey v. Downer, 5 Let. 8; Tucker v. Cochran, 47 N. H. 54; Jones v. Julien, 12 Ind. 274; Longacre v. The State, 2 How. 637; Chiswell v. Chapman, 42 N. H. 47.

PILLSBURY, P. J. This case was before this court at a former term, see 2 Bradwell, 84, when the contract between the parties received a construction with which we are still satisfied, and judging from briefs of counsel they are disposed to acquiesce therein. It was there held that Barr, under his contract, had the right to quit the employment of the company at any time in good faith, and recover for services already performed; that the contract was an entire one unless he quit in good faith, and that he would be presumed to quit work in good faith unless the contrary was proven. It was further held that if he ceased work for the purpose of joining in a strike or any other combination, calculated to injure his former employers, bad faith might from such facts be inferred by the jury, in which case, if the fact was found to exist, he could not recover, and that it was proper as tending to show that he quit in bad faith, to show the existence of a strike among the miners and that Barr joined therein.

Upon the cause being remanded to the Circuit Court of Will county, under the order of this court, the cause was sent to the County Court of said county upon the application of the appellant Barr, where a trial was had before the County Court and a jury at the July term, 1879, which resulted in a judgment against Barr, the plaintiff, for costs, and he brings the record to this court and assigns various errors thereon.

The only errors assigned we deem at this time necessary to notice arise upon the action of the court in admitting evidence, and the instructions based on such alleged improper testimony.

Barr testified upon the trial in substance that after the company posted the notices informing the employes that the wages would be cut down for the ensuing year, he resolved to seek some locality where his labor would be better remunerated, and had a neighbor of his write to Missouri to obtain for him and his sons situations in a coal mine there, and his friend having received a favorable answer, he quit the employment of the company for the purpose of making preparations to go to that State.

The company, to show bad faith upon his part in quitting, sought to prove that a strike existed, and that Barr joined in such strike and left work for such purpose. These facts were proper to be shown to the jury, and as we formerly held, if proven, would be a complete defense to the action, as it would show a willful violation of the contract, entire in its nature, upon the part of the plaintiff below.

And these facts while competent upon the issues involved, should be proven like any other facts in the cause by competent evidence.

The company placed upon the witness stand its business manager, one Whitcomb, who was asked to state in his own way, what he knew of the meetings of the miners in Braidwood, when they took place, and the nature and extent of such meetings. This question being proper in itself, was not the subject of objection, but the counsel for the plaintiff suggested to the witness to confine himself to his own knowledge of such matters.

The witness then proceeded to detail in a manner calculated to impress the court and jury that he was speaking of facts within his own knowledge, all about the meetings of the miners—that there was a strike, when it commenced, and when the miners left and when Barr quit, that they quit in pursuance of a strike, and in fact by his testimony making out a complete defense for the company.

On the cross-examination of this witness, it was developed that all or nearly all the material portions of his testimony were based upon communications received by him from the miners, he being at the Chicago office, and from the statements of outside parties and from agents of the company.

It appears in brief that this witness stated matters of pure hearsay, to the jury as facts.   When it was fully ascertained upon such examination that the witness had been detailing hearsay evidence to the jury, counsel for plaintiff moved the court to exclude from the jury all his testimony, derived from such source, but the court overruled the motion, and plaintiff excepted.

At the close of the trial, the plaintiff asked the court to give the following instructions:

13.   " If the jury believe, from the evidence of the witnesses themselves, that the testimony of the witnesses Whitcomb and Maltby, was based upon reports, telegrams or statements of their subordinates, or others not produced in court, and not upon the knowledge or observation of the party testifying, the jury have the right to, and it is their duty, to reject as hearsay and incompetent evidence, any and all evidence of the witnesses or either of them based upon such hearsay."   But the court refused to give the instruction as asked, and modified it so as to read as follows:

" If the jury believe from the evidence of the witnesses themselves that the testimony of the witnesses Whitcomb and Maltby as to the strike at Braidwood was based upon reports, telegrams or statements of their subordinates or others not produced in court and not upon the knowledge or observation of the party testifying, the jury should take these facts into consideration in determining what weight, if any, they should give to such testimony on such point."

14.   " If the jury believe from the evidence that the testimony of the witness Whitcomb, to the effect that the plaintiff Barr was one of the strikers, was based upon reports, telegrams or statements made to him by his subordinates or others, and not upon personal knowledge of the fact testified to, they will reject his testimony upon that point as incompetent, hear-say evidence, not entitled to credit at the hands of the jury."

The court also refused to give this instruction as asked, but modified it to read as follows:

" If the jury believe from the evidence that the testimony of the witness Whitcomb to the effect that the plaintiff Barr

was one of the strikers, was based upon reports, telegrams or statements, made to him by his subordinates or others, and not upon personal knowledge of the facts testified to, they will take such facts into consideration in weighing his testimony upon that point, and give it such weight, as they may think it entitled to."

We are unable to see what more the plaintiff could do to avoid the effect of incompetent evidence than he did in this case.

He first cautioned the over-zealous witness to confine himself to facts within his own knowledge, but in utter disregard of this suggestion, the witness stated hearsay as facts, and when this was made to appear, plaintiff moved the court to exclude it, but was overruled, then sought to control the matter by having the jury instructed to disregard it.

It often happens that a witness who is more anxious to impress the jury than he is to properly conduct himself as a witness will, in giving his evidence, detail to the jury unsolicited much that is incompetent and improper for the consideration of the jury. When this occurs the court should at once exclude it, and if asked, should instruct the jury to disregard it, thereby doing away with its effect so far as possible.

The court we think erred in not excluding the testimony of the witness founded upon hearsay, also in not giving the above instructions as asked, and in so modifying them as to allow the jury to take such testimony into consideration.

Some other errors are assigned, such as permitting the counsel for the defendant in his argument to the jury to go outside of the record, etc., but as it may not again occur even if improper, we do not deem it of sufficient importance to notice particularly.

For the errors indicated the judgment will be reversed and cause remanded.

Judgment reversed.